UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

    Plaintiff,

v.

BREANNA GODLEY, *et al.*,

    Defendants.

Case No. 23-12283
Honorable Laurie J. Michelson

---

**OPINION AND ORDER OVERRULING SANGO'S OBJECTIONS [32], ADOPTING THE REPORT AND RECOMMENDATION [31], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [25]**

---

On September 6, 2023, Robert Sango filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 against seven current or former Michigan Department of Corrections employees. At the time of the events at issue, Sango was incarcerated at the Central Michigan Correctional Facility (STF) in St. Louis, Michigan. (ECF No. 1.)

Sango alleges that in July of 2023, he attempted to file a grievance notifying STF administration that Correction Officers Godley and Drake would watch movies on the Prison Counselor's computer instead of performing their work-related duties. According to Sango, this led to a series of retaliatory actions. More specifically, Sango alleges that Godley and Drake intercepted his grievance from the grievance mailbox, and Godley issued him a retaliatory misconduct ticket. (ECF No. 6, PageID.25.) Sango also alleges Godley and Drake began harassing other prisoners by issuing frivolous misconduct tickets and telling them they could "thank [Sango]." (*Id.* at PageID.26.) Next, Sango alleges that Godley "tried to recruit" another prisoner "to stab [him]" and

attaches a statement purportedly written by said prisoner who corroborates this allegation. (*Id.* at PageID.50.) Sango claims that he went to Sgt. Yaunt for help, telling Yaunt that he knew prisoners were now being enlisted to harm him. But Yaunt just told him to stop "being a troublemaker." (*Id.* at PageID.27.) After, Sango claims that two prisoners attacked him in the bathroom, with one of them brandishing a knife. (*Id.*) So this time, Sango alleges, he went to Resident Unit Manager King to report the incident. (*Id.* at Page.ID.28.) But King likewise said he would not help Sango. (*Id.*) Finally, on September 12, 2023, Sango alleges that CO Garza said he was planning on paying another prisoner to attack Sango. (*Id.* at PageID.31.) Later that day, Sango alleges that Stg. Riley, Garza, and Godley again threatened to have him harmed. (*Id.* at PageID.32.)

So on August 28, 2023, Sango filed two grievances against CO Godley and Verhaar. (ECF No. 28, PageID.161–162). One week later, Sango sent a letter to the STF Grievance Coordinator claiming that he "ha[d] not received a grievance identifier" for his "two grievances against Godley and Verhaar" but that "[d]ue to other issues" he planned to proceed to court. (*Id.* at PageID.160.) And that is what he did.

All pretrial matters were referred to Chief Magistrate Judge David R. Grand (ECF No. 15), who recommended that the Court grant Defendants' motion for summary judgment (ECF No. 31). Judge Grand found that Sango did not properly exhaust his claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (*Id.* at PageID.201.)

2

As to Sango's initial grievance that was allegedly stolen from the mailbox, Judge Grand found that "Sango's allegations, without more, fail to raise a material question of fact that he properly exhausted" his grievance because he did not provide "*some* evidence—such as a copy of the grievance—as proof that he in fact filed one." (ECF No. 31, PageID.195.) Further, Judge Grand reasoned that if Sango believed that his initial grievance was stolen from the mailbox, the Policy required him to file a Step II appeal within ten business days of when his Step I response was due. (*Id.* at PageID.196.) As for the other grievances that Sango claimed he filed against Godley and Verhaar in August of 2023, Judge Grand found that Sango failed to prove that the grievance process was "unavailable" to him. (*Id.* at 197–201.) Rather, "Sango simply chose to file his lawsuit prematurely rather than completing the exhaustion process." (*Id.* at PageID.200.) Sango's objections to Judge Grand's recommendation are now before the Court. (ECF No. 32.)

For the reasons below, the Court will overrule Sango's objections and adopt the recommendation.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties

3

have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

Sango raises two objections to Judge Grand's recommendation: (1) the cases that Judge Grand relied on to support dismissal due to Sango's lack of evidence that he filed an initial grievance "were not cases where plaintiff was threatened"; and (2) Judge Grand failed to consider the statements of other prisoner's that Sango attached to his complaint corroborating Sango's assertion that he was threatened to prevent him from filing grievances. (ECF No. 32, PageID.204.)

Start with Sango's first objection, that the cases Judge Grand relied on are inapplicable because none of the plaintiffs in those lawsuits were threatened. (*Id*.) First, that is not accurate. *See, e.g.*, *McSwain v. West*, No. 20-12684, 2021 WL 6066354, at *2 (E.D. Mich. Sept. 27, 2021) ("According to McSwain, Correction Officer James Vance also threated to kill and harm him.") (cleaned up). And Sango should know that as he was the plaintiff in one of cases Judge Grand cited. *See Sango v. Bastian*, No. 2:15-cv-106, 2016 WL 3040772, at *1 (W.D. Mich. Apr. 1, 2016). There, Sango alleged that CO Bastian "tried to have [a prisoner] stab him" and that Bastian himself "stabbed [Sango] with a pen." *Id*. Nevertheless, the court rejected Sango's argument that "grievance procedures were unavailable to him" because Sango failed

4

to attach "any of the goldenrod copies to his response brief and has made no attempt to show that he actually tried to grieve the issues involved in this complaint." *Id.* at *3.

Further, Sango's objection misses the point of Judge Grand's analysis. As Judge Grand explained, "[n]umerous cases have held that where an inmate claims to have filed a grievance" but the defendant institution has no record of it "the inmate must at least produce *some* evidence" to show that he filed one. (ECF No. 31., PageID.195.) "Otherwise," Judge Grand reasoned, "an inmate could circumvent the exhaustion requirement simply by falsely alleging that his grievance was lost or stolen." (*Id.* at PageID.195–196.) Thus—setting aside what may have occurred to Sango in the time after he alleges he filed his initial grievance—Judge Grand determined that Sango failed to prove that he filed an initial grievance *at all*. (*Id.*)

Indeed, Sango did not attach a goldenrod copy of his initial grievance to his response brief, *see Bastian*, 2016 WL 3040772, at *2, nor did he "submit [any] records of his alleged grievances into the district court record," *see McSwain*, 2021 WL 6066354, at *7. And Sango's conclusory assertions that alleged threats prevented him from exhausting his grievances do not "create a genuine dispute of material fact as to whether the defendants' alleged intimidation related to the grievance process, especially in light of Sango's consistent history of filing grievances." *Sango v. Fleury*, Nos. 21-2597/2598/2599, 2022 WL 2163519 (6th Cir. May 4, 2022) (citing *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) ("In order to survive summary judgment, Plaintiff cannot rely on conjecture or conclusory accusations.")).

5

Accordingly, Judge Grand properly found that Sango failed to exhaust his administrative remedies under the PLRA. So Sango's first objection is overruled.

Sango's second objection is that Judge Grand failed to consider the statements of other prisoners that Sango attached to his complaint which support Sango's assertion that after he filed his initial grievance, prison staff threatened him. These threats, agues Sango, rendered the grievance process unavailable to him. And because the grievance process was unavailable, Sango did not need to exhaust his August 2023 grievances against Godley and Verhaar through Step II & III of the grievance process before proceeding to court. (ECF No. 32, PageID.204, 206 (citing *Ross v. Blake,* 578 U.S. 632 (2016)).)

There are a few problems with Sango's objection. First, Judge Grand did consider the witness statements. He found, however, that "the vast majority of these statements . . . were written in July 2023, which was before Sango filed [the August grievances]." (ECF No. 31, PageID.200 n.7.) Accordingly, while the statements may show that Sango was threatened, they also show "that Sango was not deterred from filing grievances due to Godley's alleged threats." (*Id.*) Sango's argument otherwise "demonstrates [his] disagreement with the manner in which [Judge Grand] weighed" the witness statements, but "fails to demonstrate any factual or legal error" by Judge Grand. *Doe v. Carson*, No. 18-1231, 2019 U.S. Dist. LEXIS 74927, at *2 (W.D. Mich. May 3, 2019).

The rest of Sango's objection seems to merely re-hash his argument that the grievance process was unavailable to him and voice his disagreement with Judge

6

Grand's conclusion to the contrary. (*See* ECF No. 32, PageID.205–207.) While this Court need not address objections that do not "pinpoint" specific issues with Judge Grand's report or are far too "general," *see Mira*, 806 F.2d at 637, the Court will briefly explain why it agrees with Judge Grand's analysis.

The PLRA requires prisoners to properly exhaust their available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a). To satisfy the PLRA's exhaustion requirement, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). There is an exception to this requirement, however, when the administrative remedy process is rendered unavailable. *See Ross*, 578 U.S. at 648; *Does 8-10 v. Snyder*, 945 F.3d 951, 962–63 (6th Cir. 2019). A grievance process is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *See Ross*, 578 U.S. at 644.

Taking Sango's allegations as true, prison staff may have attempted to thwart his attempts to take advantage of the grievance process through intimidation. But there is a high bar to show that a grievance process is unavailable. And here, the guards' attempts to thwart Sango, if true, did not appear to deter Sango. So despite these impediments, the Court cannot say the grievance process was entirely unavailable to Sango.

To start, Sango filed his initial complaint in the present lawsuit just *one day* after he filed his initial grievance. (*See* ECF No. 1.) A week later, before Sango had

7

completed even the first step of the grievance procedure, he sent a letter to the STF Grievance Coordinator informing her he planned to proceed to court. (ECF No. 28, PageID.160.) Moreover, since Sango filed this lawsuit, Sango has "continued to file additional lawsuits in the District against some of the very same defendants" that he alleges threatened him here. (*See* ECF No. 31, PageID.201; *Sango v. Riley*, No. 23-12345 (E.D. Mich. Sept. 15, 2023), ECF No. 1 (complaint against Riley, Godley, and Verhaar); *Sango v. Godley*, No. 24-10245 (E.D. Mich. Jan. 20, 2024), ECF No. 1 (complaint against Riley and Godley).) All this evidence, Judge Grand explained, demonstrates that "Sango was not afraid to continue pursuing the grievance process" but rather "filed his complaint . . . because he chose to do so prematurely." (ECF No. 31, PageID.200–201.) So Sango's second objection is overruled.

## III.

Accordingly, the Court OVERRULES Sango's objections (ECF No. 32) and ADOPTS Judge Grand's report and recommendation (ECF No. 31). Thus, the Defendants' motion for summary judgment is GRANTED (ECF No. 25).

This order, however, does not close this case. Defendants do not raise an exhaustion issue with respect to Sango's allegation that on June 3, 2023, Godley issued him a misconduct ticket in retaliation for contacting his lawyer. (*See* ECF No. 1, PageID.3, ECF No. 25-4.) As Defendants concede, "there is an issue of fact as to whether Sango sufficiently alleged retaliation by CO Godley." (ECF No. 25, PageID.121 ("In short, the Court should dismiss all claims from this lawsuit, except for the retaliation claim against CO Godley arising out of the June 3, 2023,

8

misconduct ticket.").) Thus, "[b]ecause Defendants have not moved for summary judgment on Sango's claim that CO Godley issued him a retaliatory misconduct ticket, Sango should be allowed to proceed with this claim." (ECF No. 31, PageID.201 n.8.)

SO ORDERED.

Dated: February 13, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE