UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

     Plaintiff,

v.

BREANNA GODLEY,

     Defendant.

Case No. 23-12283
Honorable Laurie J. Michelson

---

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
[45], ADOPTING REPORT AND RECOMMENDATION [44], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [40]**

---

On September 6, 2023, Robert Sango filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 against seven current or former Michigan Department of Corrections employees. At the time of the events at issue, Sango was incarcerated at the Central Michigan Correctional Facility (STF) in St. Louis, Michigan. (ECF No. 1.)

All pretrial matters were referred to Chief Magistrate Judge David R. Grand. (ECF No. 15.) In February 2025, the Court adopted Judge Grand's report and recommendation and granted partial summary judgment and dismissed all but one defendant—Breanna Godley. (ECF No. 34.) Godley now moves for summary judgment, which Judge Grand recommends granting. (ECF No. 44.) Sango filed objections. (ECF No. 45.) For the reasons that follow, Sango's objection (ECF No. 45) is overruled, Judge Grand's report and recommendation (ECF No. 44) is adopted, and Godley's motion (ECF No. 40) is granted.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

Sango raises essentially two procedural objections to Judge Grand's recommendation: (1) that Godley's motion was untimely, and (2) Judge Grand failed to consider his response brief to the motion. (ECF No. 45.) The Court will address them in order.

Judge Grand did not err in rejecting the timeliness argument. (ECF No. 44, PageID.376, n.2.) Under Judge Grand's order extending discovery deadlines, summary judgment motions were due on or before October 13, 2025. (ECF No. 39.) And Godley's motion was filed on October 13, 2025. (ECF No. 40.) So the motion was timely.

Sango's second objection also fails factually. Far from overlooking Sango's response brief, Judge Grand expressly considered it. (ECF No. 44, PageID.375, 381, 382.)

### III.

Because Sango has raised only two unsuccessful objections—neither of which challenge the substance of Judge Grand's analysis—the Court is not obligated to review the remainder of the report and recommendation *de novo. See, e.g.*, *Echenique v. JJ's Fam. Mart*, No. 25-5568, 2026 U.S. App. LEXIS 8942, at *2–3 (6th Cir. Mar. 26, 2026) ("When a party fails to object to a magistrate judge's R. & R., she forfeits further review of her claims by the district court and this court on appeal '[a]s long as [she] was properly informed of the consequences of failing to object.'") (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

But the Court nevertheless notes that it has carefully reviewed Sango's amended complaint (ECF No. 6), Godley's motion for summary judgment (ECF No. 40) and the parties' briefing (ECF No. 42 (Sango's response)); ECF No. 43 (Godley's reply)), Judge Grand's report and recommendation to grant the motion (ECF No. 44), the objection filed by Sango (ECF No. 45), Godley's response to that objection (ECF No. 46), and all other applicable filings and law.

Having conducted this *de novo* review, the Court finds that Judge Grand's factual conclusions are reasonably correct, that he reasonably applied the correct law, and that, given the current state of the Sixth Circuit law on retaliatory prison transfers, his legal reasoning is sound. There are no prejudicial clear errors in Judge

Grand's findings or recommendations to grant Godley's motion for summary judgment.

### IV.

Accordingly, the Court OVERRULES Sango's objections (ECF No. 45) and ADOPTS Judge Grand's report and recommendation (ECF No. 44). Thus, Godley's motion for summary judgment (ECF No. 40) is GRANTED.

SO ORDERED.

Dated: June 8, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE